# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHANON A. WOOD,

        Plaintiff,

v.                                                  Case No. 19-CV-619

KEVIN JOHNSON, *et al.*,

        Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Shanon A. Wood, who is representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) Wood was allowed to proceed on Fourteenth Amendment conditions of confinement claims and medical needs claims against defendant Kevin Johnson and various John Doe defendants for his cell conditions and lack of treatment of a skin ailment while Wood was detained at the Milwaukee County Jail. (ECF No. 3.)

The defendants filed a motion for summary judgment. (ECF No. 40.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 7, 11.) For the reasons stated below, the court grants the defendants' motion for summary judgment.

## PRELIMINARY MATTERS

On December 21, 2021, the court issued an order dismissing John and Jane Doe correctional officers 1-4 as defendants because Wood failed to file a motion identifying their real names by the October 11, 2021, deadline. (ECF No. 48.) The court should have also included John Doe 16. Wood was allowed to proceed on a conditions of confinement claim

against John Doe 16 for allegedly lying about the nature of Wood's charges and causing psychological harm. (ECF No. 3 at 9.) Wood was also required to identify the real identity of this Doe defendant by October 11, 2021, and he failed to do so. As such, John Doe 16 is dismissed.

Additionally, Wood was allowed to proceed on a claim against Milwaukee County under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). However, he has failed to provide any evidence that the individual defendants' constitutional violations were a result of municipal policy, governmental customs, or widespread practice. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017). "Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020). "It is therefore incumbent on the party opposing a summary judgment motion to 'inform the district court of the reasons why summary judgment should not be entered.'" *Reed v. Brex, Inc.*, 8 F.4th 569, 578 (7th Cir. 2021) (quoting *Riely v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018)). Because Wood has not presented any evidence showing that Milwaukee County should be held liable, summary judgment is granted in Milwaukee County's favor. Milwaukee County is dismissed.

The only remaining defendant is Kevin Johnson, and the only remaining claims are the conditions of confinement claim and the medical needs claim against Johnson. The court will now consider whether to grant summary judgment in Johnson's favor on these claims.

# FACTS

Wood was detained at the Milwaukee County Jail between May 25, 2017, and May 28, 2017. (ECF No. 41, ¶ 1.) He was released early in the morning on May 28, 2017, after it was determined that there was no probable cause for his arrest. (*Id.*, ¶ 6.) Upon booking, staff at the Milwaukee County Jail determined that Wood was suicidal and placed him in the Special Health Unit on suicide watch. (*Id.*, ¶ 18.) He remained on suicide watch until approximately 4:30 p.m. on May 27, 2017, when staff determined he no longer desired to harm himself. (*Id.*, ¶¶ 19–20.) Even though he was no longer suicidal, jail staff kept him in the Special Health Unit until he was released from custody because he received conduct reports for defacing county property, disobeying orders, and indecent exposure. (*Id.*, ¶ 25.)

While in the Special Health Unit, Wood states his mattress was "covered in bodily fluids not his own." (ECF No. 49 at 26.) As a result, he had a skin reaction that caused itchiness and irritation. (*Id.* at. 18.) He also states that his cell was flooded for approximately three hours, which prevented him from being able to urinate in the toilet and caused him to stand in dirty water. (*Id.* at 26–27.) He further states that his cell was cold, and he had to tear up two mattresses in order to stay warm. (*Id.* at 11; ECF No. 51, ¶ 34.) However, Wood denies that he destroyed any mattresses. (ECF No. 49 at 11.)

At some point during his detainment, Wood states he notified Johnson, who took a report of his complaints. (*Id.* at 19.) According to Wood, Johnson came to his cell door, and Wood spoke to him. (*Id.*) Wood knew it was Johnson because he saw Johnson's name tag. (*Id.*) Wood spoke with Johnson for less than ten minutes, and during the conversation, Wood requested a blanket, inquired when he could be released, inquired about his charges, and questioned why he did not have bail set. (ECF No. 41, ¶ 58; ECF No. 49 at 21, 23.)

Wood does not explicitly assert that he told Johnson about his flooded cell, his mattresses, or his skin ailment; instead, he acknowledges that he "mentioned several uncomfortable issues with Lt. K. Johnson." (ECF No. 49 at 23.)

Johnson states he does not recall speaking with Wood at all, let alone being notified of flooding issues, cell conditions, or a skin ailment. (ECF No. 41, ¶ 43.) Johnson states that his job duties as shift commander at the Milwaukee County Jail usually do not require him to interact with inmates. (*Id.*, ¶ 42.) Also, Johnson states there are no jail records indicating that he spoke with Wood or took a report of his cell conditions. (*Id.*, ¶¶ 44–45.) Johnson acknowledges that there was cell flooding on Wood's housing unit on May 26, 2017, and that the flood was cleaned up and addressed within three hours. (*Id.*, ¶¶ 51–54.) He also states that had Wood asked for a blanket, he would have been prevented from giving Wood one because he was on suicide watch. (ECF No. 41, ¶ 57; ECF No. 42 at 10.) Johnson further states that he was unaware of Johnson's issues with his mattress until he had to issue a citation for the destruction of the mattresses, which occurred after Wood was released from custody. (ECF No. 52, ¶ 49.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary

judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

Wood claims that Johnson violated his constitutional rights when he ignored his skin ailment and failed to address the conditions of his cell. Because Wood was a pretrial detainee at the time, his claims are analyzed under the Fourteenth Amendment. *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018); *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019). To prevail on a medical needs claim under the Fourteenth Amendment, a plaintiff needs to show that the prison official "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case." *Miranda,* 900 F.3d at 351. "A showing of negligence or even gross negligence will not

5

suffice." *McCann v. Ogle County, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018). A plaintiff also needs demonstrate that the official's "challenged conduct was objectively unreasonable." *Id.* In determining this, courts should "focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without any regard to any subjective belief held by the individual—whether the response was reasonable." *Id.* In other words, a plaintiff "must demonstrate that genuine issues of material fact exist on two questions: (1) whether he suffered from an objectively serious medical condition and (2) whether the [prison official's] response to it was objectively unreasonable." *Williams v. Ortiz*, 937 F.3d 936, 942–43 (7th Cir. 2019).

Wood asserts that Johnson ignored his complaints that the soiled mattress in his cell caused a skin reaction. However, Wood does not provide any evidence demonstrating that the skin reaction was an objectively serious medical condition. "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). The condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). District courts in the Seventh Circuit have routinely held that absent extenuating circumstances, a skin irritation or rash does not rise to the level of an objectively serious medical need. *See Jones v. Dittman*, Case No. 17-cv-854, 2020 WL 224341, at *4 (W.D. Wis. Jan. 15, 2020) (holding that bug bites do not rise to the level of an objectively serious need); *Robinson v. Milwaukee Secure Detention Facility*, No. 15-C-263, 2016

6

WL 3620770, at *2 (E.D. Wis., June 29, 2016); *Holden v. Knight*, No. 3:15-cv-432, 2016 WL 696088, at *3 (N.D. Ind., Feb 22, 2016) ("It does not appear as though [plaintiff's] skin rash, which is allegedly itchy and has 'hot spots' can be considered an objectively serious medical condition. Typically, without more, skin rashes are not."); *Smith v. Schwartz*, No. 10-721-GPM, 2011 WL 2115831, at *3 (S.D. Ill. May 26, 2011) (holding plaintiff's allegations that "he suffered chronic itching, athlete's food, chafing, peeling skin, and a painful, infected rash on his buttocks due to his inability to shower and clean his cell . . . do not show a serious medical condition").

Wood does not provide details of his skin ailment other than that it caused itchiness and irritation. He does not state whether the rash worsened over time, caused any additional health issues, or whether it eventually went away, either on its own or with treatment he sought once released from custody. Without this information, no reasonable factfinder could conclude that Wood suffered an objectively serious medical need. Summary judgment is granted in Johnson's favor on the medical needs claim.

Turning to the conditions of confinement claim, a prison official violates a pretrial detainee's rights when the detainee is subjected to conditions of confinement that "amounts to punishment" or are not "rationally related to a legitimate non-punitive governmental purpose." *Hardeman*, 933 F.3d at 822, 824. (citations omitted). The prison official's actions also must be "objectively unreasonable," which, as stated above, requires a showing that he "acted purposefully, knowingly, or perhaps even recklessly." *Kemp v. Fulton County*, 27 F. 4th 491, 495 (7th Cir. 2022) (quoting *Miranda*, 900 F.3d at 353.)

Wood again does not provide enough detail to demonstrate there is a genuine issue of material fact that the conditions of his confinement amount to punishment, are not

reasonably related to a legitimate penological interest, or that Johnson's response was objectively unreasonable. Wood does not establish what he told Johnson about the conditions of his cell. He merely states they discussed his discomfort. There is no evidence that Johnson was aware of the conditions of the mattress while Wood was in custody. The only evidence that exists is the citation Johnson issued Wood after he was released. At most, the record shows that Wood asked Johnson for a blanket because he was cold. However, because Wood was on suicide watch, Johnson would not have been able to provide one. So, no reasonable factfinder could conclude that failing to give Johnson a blanket was objectively unreasonable because there was a legitimate penological purpose in denying him a blanket.

Also, taking the facts in a light most favorable to Wood, and assuming Johnson was aware of the flooding in Wood's cell, it is undisputed that Wood was subjected to the flooding for approximately three hours. In *Hardeman*, the court recognized that "a single clogged toilet does not violate the Constitution" and that courts should consider "the severity and duration of conditions" when determining whether a violation occurred. *Hardeman*, 933 F.3d at 823–24. It is undisputed that jail staff were working on cleaning up the flood and did so in one afternoon. The flooding, then, cannot rise to the level of a constitutional violation.

Wood fails to establish that his conditions of confinement rose to the level of a constitutional violation. Johnson, then, cannot be held liable for failing to address them. Summary judgment is granted in his favor on the conditions of confinement claim.

8

Case 2:19-cv-00619-NJ   Filed 09/09/22   Page 8 of 10   Document 57

# CONCLUSION

John Doe 16 is dismissed because Wood did not identify him by the deadline. Milwaukee County is dismissed because Wood failed to present evidence of a *Monell* violation. The claims against Johnson are dismissed because Wood did not establish that his medical needs were objectively serious or that his conditions of confinement rose to the level of a constitutional violation. Because there are no remaining defendants or claims, the defendants' motion for summary judgment is granted, and the case is dismissed. Johnson also argued that he was entitled to qualified immunity. Because the court grants summary judgment on the merits, the court does not need to address the qualified immunity argument.

# ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (ECF No. 40) is **GRANTED.**

**IT IS FURTHER ORDERED** that the case is **DISMISSED** The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under

9

Case 2:19-cv-00619-NJ   Filed 09/09/22   Page 9 of 10   Document 57

Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case

Dated at Milwaukee, Wisconsin this 9th day of September, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge